**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

KAREN BURROW-THRELKELD,     )
                                         )
       Plaintiff(s),            )
                                         )
       vs.                     )     Case No. 4:20-cv-00483 SRC
                                         )
U.S. VISION/NATIONWIDE VISION,   )
                                         )
       Defendant(s).      )

**MEMORANDUM AND ORDER**

**I.    BACKGROUND**

Plaintiff Karen Burrow-Threlkeld believes U.S. Vision discriminated against her.  In pursuit of some redress, Burrow-Threlkeld has filed two lawsuits against U.S. Vision.  In her first lawsuit, originally filed in the Circuit Court of St. Louis County and removed to this Court by U.S. Vision, Burrow-Threlkeld alleged U.S. Vision discriminated against her because of her religion and then retaliated against her for filing an EEOC complaint.  *See Burrow-Threlkeld v. U.S. Vision, et al.*, No. 4:19-cv-02031 SRC.  This Court dismissed Burrow-Threlkeld's case for failure to state a claim.  In this case, her second lawsuit, also filed in the Circuit Court of St. Louis County and removed to this Court by U.S. Vision, Burrow-Threlkeld asserts the same factual allegations that she did in her first with some new allegations related to her voluntary resignation.  U.S. Vision now moves to dismiss this lawsuit for failure to state claim.  The Court grants the Motion [11].

**II.    STANDARD**

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading

1

standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).  This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).  The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).  Ordinarily, only the facts alleged in the complaint are considered for purposes of a motion to dismiss; however, materials attached to the complaint may also be considered in construing its sufficiency. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff[.]" *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010).  However, if a claim fails to allege one of the elements necessary to recover on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).  Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  Although courts must accept all factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78.

2

### III.    FACTS

For a full recitation of the facts, the Court refers to its prior order in *See Burrow-Threkeld v. U.S. Vision, et al.*, No. 4:19-cv-02031 SRC, Doc. 24.  The following are additional facts Burrow-Threlkeld did not allege in her first case but now alleges in this case.

In July 2018, U.S. Vision fired Jason Iannantuoni, Burrow-Threlkeld's supervisor. Burrow-Threlkeld continued to work for another year under a different "DM" who found her "some help."  This new DM worked for one or two weeks and then went on a one-week vacation.   While Burrow-Threlkeld took vacation time, a woman from the Memphis, Tennessee Optical Department covered for her.  Burrow-Threlkeld still had three weeks to take before the end of January 2019.  The woman from Memphis was hired at $14.00 per hour and was given pay increases, but Burrow-Threlkeld never received any.  "As an Optical Manager I sta[yed] stagnant in the same spot."

The situation did not change under the new DM.  When Burrow-Threlkeld emailed the new DM to take a day of vacation, he responded by asking who was going to cover for her on her day off.  Burrow-Threlkeld told him the "Optec" he hired for the store could cover and he said that the Optec could not work the department by herself.  Burrow-Threlkeld responded that she was with a doctor with no help and had already made over $2,000 before noon.  The DM then said "ok."  Burrow-Threlkeld did not contact HR or anyone else; she knew the DM was getting his orders from someone but does not know who that was.  Burrow-Threlkeld continued to work many days by herself without help even though other stores always had double coverage on days with doctors.

Burrow-Threlkeld told "the Doctor" she was resigning and he asked her to let him know when "because the only reason he was there for that long was me."  She gave U.S. Vision a two-

3

week notice, but the Doctor left after one week.  Michelle Hawkins emailed Burrow-Threlkeld

asking Burrow-Threlkeld to call her to discuss her resignation.  Burrow-Threlkeld did not call

Hawkins because she had already asked the DM if she could step down from the manager

position and he said no, he did not have anywhere else for her.

## IV.    DISCUSSION

The Court must again dismiss Burrow-Threlkeld's case for failure to state a claim.  The

new allegations Burrow-Threlkeld has added to her Complaint do not establish a claim under

Title VII, or any other employment statute.  As the Court stated in in Burrow-Threlkeld's first

case, to establish a prima facie case of religious discrimination, Burrow-Threlkeld must allege

facts that show she has a bona fide religious belief that conflicts with an employment

requirement, she informed the employer of the conflict, and she suffered an adverse employment

action.  *Ollis v. HearthStone Homes, Inc.*, 495 F.3d 570, 575 (8th Cir. 2007).  Burrow-Threlkeld

alleges no facts from which the Court can infer any of these elements of the claim.

To establish her claim for retaliation, Burrow-Threlkeld must allege facts that show she

engaged in a statutorily-protected activity, her employer took adverse action against her, and a

connection exists between the activity and the adverse action.  *Bakhtiari v. Lutz*, 507 F.3d 1132,

1137 (8th Cir. 2007).  Even with the additional allegations, Burrow-Threlkeld fails to allege a

connection between a statutorily-protected activity that she engaged in and an adverse action

taken against her by U.S. Vision; thus, she fails to state a claim for retaliation.

In response to U.S. Vision's Motion, Burrow-Threlkeld states her case is not based on

religious discrimination or retaliation under Title VII.  She asserts this case is based on

"(Discrimination – Retaliation – Bullying – Harassment) from 2009 until 2019."  Doc. 13.  If

Burrow-Threlkeld asserts a claim for discrimination other than religious discrimination under

4

Title VII, she must show she is a member of a protected class, she met U.S. Vision's legitimate job expectations, she suffered an adverse employment action, and U.S. Vision treated her differently than similarly-situated employees who were not members of her protected class. *Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013). Similarly, if she asserts a claim under the Missouri Human Rights Act rather than Title VII, she must allege facts that show her employer discriminated against her because of her "race, color, religion, national origin, sex, ancestry, age, or disability."  Mo. Rev. Stat. § 213.055.1.  Simply stating U.S. Vision discriminated against her is not enough.  Burrow-Threlkeld fails to state a claim under Title VII or the Missouri Human Rights Act.  If she is asserting a claim pursuant to a different statute or under common law, it is not evident from her Complaint or her response to U.S. Vision's Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant U.S. Vision, Inc.'s Motion to Dismiss Plaintiff's Complaint [11] is **GRANTED**.  The Court dismisses this case without prejudice.  The Court will enter a separate order of dismissal in accordance with this Memorandum and Order.

So Ordered this 26th day of June, 2020.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**